■ In the Matter of the Claim of FRANKLIN SIMPSON, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board which denied his claim for benefits. The claimant, a seaman, was referred by his union to a job aboard the ship *Mor Mac Wave* on July 1, 1957. He was examined on that day by the ship's doctor who found that he had low blood pressure but that he was fit for employment. The claimant worked on July 2 and experienced dizzy spells. On July 3 he went to the United States Public Health Service for a physical check-up and was found to be all right but in the meantime he was replaced for the job aboard the ship. A claim for benefits was filed and on July 12, 1957, the claimant was found ineligible on the ground that he had left his job without good cause. Thereafter on August 15, 1957 it was determined that the claimant was ineligible as of August 5, 1957 due to his unavailability for work. It was shown that during the period when the claimant was allegedly available for work, jobs had been posted at the union hall which he failed to apply for. After hearings the Referee found that the claimant had not voluntarily left his employment but he affirmed the determination of unavailability. The board affirmed this decision. The appellant asserts that he was not served with proper specifications as to why he did not qualify for benefits but his notice of the initial determination stated, "You are unavailable for work." He was specifically told at the hearing, as his notice of the hearing indicated, that his availability for work was an issue. The appellant contends that certain inadmissible and hearsay evidence was received at the hearings. Such hearings are not governed by technical rules of evidence and the question presented on review is whether substantial evidence supports the determination. The appellant argues that the burden of proof was improperly placed on him to show that he had not refused an offer of employment. The board did not find that the claimant had refused an offer of employment under subdivision 2 of section 593 of the Labor Law but rather that he was not available for work under subdivision 2 of section 591. Availability for work presents a question of fact for the board and there is substantial evidence to support its determination here. Decision unanimously affirmed, without costs. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.